**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ANTHONY PHILYAW, | ) | NO. CV 22-8007-CJC(E) |
| | ) | |
|        Petitioner, | ) | |
| | ) | |
|   v. | ) | ORDER OF DISMISSAL |
| | ) | |
| S. MOORE, | ) | |
| | ) | |
|        Respondent. | ) | |
| _____ | ) | |

On November 1, 2022, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody."  The Petition challenges Petitioner's conviction and sentence in Los Angeles Superior Court case number BA 447321 (Petition at 2).  Petitioner previously challenged the same conviction and sentence in a habeas petition filed in this Court in 2020.  See Philyaw v. Madden, No. CV 20-4436-CJC(E) ("the prior habeas petition").  By Judgment entered January 14, 2021, this Court denied and dismissed the prior habeas petition with prejudice.

///

///

The Court must dismiss the present Petition in accordance with
28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
Effective Death Penalty Act of 1996").  Section 2244(b) requires that
a petitioner seeking to file a "second or successive" habeas petition
first obtain authorization from the Court of Appeals.  See Burton v.
Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
authorization from Court of Appeals before filing second or successive
petition, "the District Court was without jurisdiction to entertain
[the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
requires the permission of the court of appeals before 'a second or
successive habeas application under § 2254' may be commenced").  A
petition need not be repetitive to be "second or successive," within
the meaning of 28 U.S.C. section 2244(b).  See, e.g., Thompson v.
Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
(1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
Mar. 6, 2008).  Petitioner evidently has not yet obtained
authorization from the Ninth Circuit Court of Appeals.[1]  Consequently,
this Court cannot entertain the present Petition.  See Burton v.
Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471
Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain
authorization from the Court of Appeals to file a second or successive
petition, "the district court lacks jurisdiction to consider the

---

[1]     The docket for the United States Court of Appeals for
the Ninth Circuit, available on the Pacer database on
www.pacer.gov, does not reflect that anyone named Anthony Philyaw
has received authorization to file a second or successive
petition.  See Mir v. Little Company of Mary Hosp., 844 F.2d 646,
649 (9th Cir. 1988) (court may take judicial notice of court
records).

1  petition and should dismiss it.") (citation omitted).

2

3       For all of the foregoing reasons, the Petition is denied and

4  dismissed without prejudice.

5

6       LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8           DATED: November 4, 2022.

9

10

11

12

13  _____

14           CORMAC J. CARNEY
         UNITED STATES DISTRICT JUDGE

15

16  PRESENTED this 3rd day

17  of November, 2022, by:

18

19  _____/s/_____
            CHARLES F. EICK
20  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28